UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6182-CR-FERGUSON

UNITED STATES OF AMERICA,  :

     Plaintiff,     :

     v.              :

HENRY REGA,         :

     Defendant.    :

_____:

## UNOPPOSED MOTION TO AMEND JUDGMENT AND COMMITMENT ORDER

Defendant, Henry Rega, through counsel, respectfully moves for the entry of a *nunc pro tunc* order amending his Judgment and Commitment Order to reflect that the sentence imposed in this case is to run concurrent with the sentences imposed in three state court cases, Case Nos. 00-003198CF10A, 00-008527CF10A, and 00-8403CF10A. In support of this motion, Defendant states as follows:

1. On December 1, 2000, this Court sentenced Mr. Rega to a term of 37 months imprisonment on one count of bank robbery. A second count was dismissed pursuant to the terms of a plea agreement.

2. At the time Defendant was sentenced in this case, he was awaiting trial on three cases filed in state court. Two of these cases involved bank robberies that occurred at about the same time as the robberies charged federally. (The federal indictment charged bank robberies on May 4 and

May 6, 2000. The state informations charge bank robberies on May 1 and May 8, 2000. The federal charges were brought following Mr. Rega's confession made after the May 8, 2000, robbery.) The third case involves an unrelated incident of possession of cocaine and resisting arrest/fleeing and eluding. Details of these then-pending charges were reflected in paragraphs 35-40 of the PSI.

3. On December 19, 2000, Mr. Rega appeared in state court before the Honorable Susan Lebow for plea and sentencing on the cases that were pending at the time of this Court's sentence. The state prosecutor offered a sentence of five years concurrent with this Court's sentence, and that is the sentence Judge Lebow imposed.

4. Because the United States Bureau of Prisons considers Mr. Rega to be in primary state custody, it will not commence giving Mr. Rega credit on his federal sentence until after the completion of his full five year state sentence. The practical result will be that the state court sentence, although ordered to run concurrent with the federal sentence, will actually be run consecutive to the federal sentence by the Bureau of Prisons.

5. Counsel has spoken with Steve Jalbert from the Bureau of Prisons, who advised counsel that the only way to implement the state court judge's order to run the sentences concurrent would be for this Court to enter an amended Judgment and Commitment Order, *nunc pro tunc*, ordering that the federal sentence run concurrent with the specified state sentences. According to Mr. Jalbert, this order *would* be honored by the Bureau of Prisons, and the state and federal sentences would be run concurrent.

6. Counsel has spoken to Tom Lanigan, the Assistant United States Attorney handling this matter for the government. Mr. Lanigan has authorized counsel to represent that the government has no objection to the granting of this relief. All parties to the state case and Judge Lebow have also

2

been apprised of the relief being requested in this motion, and have no objection to the granting of this motion.

WHEREFORE, for all the above reasons, Defendant respectfully asks this Court to issue an amended Judgment and Commitment Order ordering his federal sentence in the above captioned mater to run concurrent to the sentences imposed in Florida state court cases No. 00-003198CF10A, 00-008527CF10A, and 00-8403CF10A.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:

Patrick M. Hunt
Assistant
Federal Public Defender
Florida Bar No. 571962
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 20th day of December, 2000, to Tom Lanigan at the office of the United States Attorney, Fort Lauderdale, Florida, 299 E. Broward Blvd., Ft. Lauderdale, FL 33301.

Patrick M. Hunt

3