◎AO 245D  (Rev. 9/00) Judgment in a Criminal Case for Revocations

# UNITED STATES DISTRICT COURT

__SOUTHERN__     District of     __FLORIDA__

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| HENRY J. REGA | (For Offenses Committed On or After November 1, 1987) |

Case Number:     00-6182-CR-JORDAN

AFPD, Anthony Natale     Tom Lanigan, AUSA
Defendant's Attorney

FILED by __JMC__ D.C.
NOV 2 3 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**THE DEFENDANT:**

[X]  admitted guilt to violation of condition(s)   __One through Five__   of the term of supervision.

[ ]  was found in violation of condition(s) _____ after denial of guilt.

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1-4 | Tested positive for presence of cocaine. | 10/17/2005 |
| 5 | Failure to make scheduled monthly restitution payments. | 07/01/05 |

   The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

   IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec.  ███████

Defendant's Date of  ███████

Defendant's USM No.:  55402-004

Defendant's Residence Address:

Miami, Florida

Defendant's Mailing Address:

Same as above

November 22, 2005
Date of Imposition of Judgment

_/s/ signature_
Signature of Judicial Officer

Adalberto Jordan, U. S. District Court Judge
Name and Title of Judicial Officer

11-22-05
Date

AO 245D    (Rev. 9/00) Judgment in a Criminal Case for Revocations
           Sheet 2— Imprisonment

| | |
|---|---|
| DEFENDANT: | HENRY J. REGA |
| CASE NUMBER: | 00-6182-CR-JORDAN |

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   Six (6) months .         .

The court makes the following recommendations to the Bureau of Prisons:
No recommendation made.

X    The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district:

☐   at _____ ☐ a.m.   x p.m.   on _____ .

☐   as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____ .

     as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
     DEPUTY UNITED STATES MARSHAL

Judgment—Page __3__ of __6__

DEFENDANT:     HENRY J. REGA
CASE NUMBER:   00-6182-CR-JORDAN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   __REVOKED(See page 4)__   .

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D    (Rev. 9/00) Judgment in a Criminal Case for Revocations
Sheet 3— Reverse — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: HENRY J. REGA
CASE NUMBER: 00-6182-CR-JORDAN

# ADDITIONAL SUPERVISED RELEASE TERMS

NO FURTHER TERM OF SUPERVISED RELEASE IMPOSED IN THIS CASE.

DEFENDANT: HENRY J. REGA
CASE NUMBER: 00-6182-CR-JORDAN

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ | $ | $ 3,621.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| United States of America |  | $3,771.00 | 100.00 monthly |

| TOTALS | $ | $ |
|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245D (Rev. 9/00) Judgment in a Criminal Case for Revocations
Case 0:00-cr-06182-AJ   Document 43   Entered on FLSD Docket 11/29/2005   Page 6 of 6
Sheet 5, Part A — Reverse — Criminal Monetary Penalties

Judgment—Page  6  of  6

DEFENDANT: HENRY J. REGA
CASE NUMBER: 00-6182-CR-JORDAN

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

See Restitution agreement of parties.